# IN THE SUPREME COURT OF THE STATE OF NEVADA

JUAN RODRIGUEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68313

FILED

NOV 18 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon, burglary while in possession of a deadly weapon, and sexual assault with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

First, appellant Juan Rodriguez contends that insufficient evidence supports his sexual assault conviction. He asserts that the evidence does not establish sexual penetration as required by NRS 200.366(1)(a). We disagree. "[O]n direct appeal, it is the responsibility of the jury—not the [appellate] court—to decide what conclusions should be drawn from evidence admitted at trial." *Coleman v. Johnson*, ___ U.S. ___, ___, 132 S. Ct. 2060, 2062 (2012) (internal quotation marks omitted). Here, the victim was found naked from the waist down with her legs spread and her underwear around one ankle. Rodriguez's hair was found between her legs and his DNA was found on her nipple. Rodriguez's girlfriend testified that he told her the victim offered herself to him sexually in exchange for her life. Viewing this evidence in the light most favorable to the State, taking into consideration natural inferences that flow normally from the evidence, a rational trier of fact could conclude that Rodriguez committed sexual assault beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev.

807, 816, 192 P.3d 721, 727 (2008). The evidence, while circumstantial, is sufficient to support the conviction. *See Lisle v. State*, 113 Nev. 679, 691-92, 941 P.2d 459, 467-68 (1997), *holding limited on other grounds by Middleton v. State*, 114 Nev. 1089, 1117 n.9, 968 P.2d 296, 315 n.9 (1998).

Second, Rodriguez contends that the district court erred by admitting evidence that he physically abused his girlfriend without conducting a *Petrocelli*[1] hearing and in violation of a pretrial order. We disagree. A *Petrocelli* hearing was not required because the State did not seek to admit the evidence in its case-in-chief pursuant to NRS 48.045(2), and only sought to give context to his girlfriend's inconsistent statements. *See Blake v. State*, 121 Nev. 779, 789, 121 P.3d 567, 574 (2005) (holding that the requirements of *Petrocelli* do not apply where the evidence was not admitted pursuant to NRS 48.045(2)). Although the pretrial ruling did not contemplate this exact scenario, the evidence was admissible for this purpose. *See Rippo v. State*, 113 Nev. 1239, 1253, 946 P.2d 1017, 1026 (1997); *Evans v. State*, 117 Nev. 609, 630, 28 P.3d 498, 513 (2001) ("The State may counter impeachment of its witnesses by presenting evidence supporting their credibility."). And while a comprehensive *Petrocelli* hearing was not held, the district court heard argument regarding the incidents, considered whether they were supported by sufficient evidence, and concluded that they were relevant to explain why Rodriguez's girlfriend lied to the police after he challenged her credibility. *See Ledbetter v. State*, 122 Nev. 252, 259, 129 P.3d 671, 677 (2006) (holding that the failure to hold a *Petrocelli* hearing and make factual findings does

---

[1]*Petrocelli v. State*, 101 Nev. 46, 692 P.2d 503 (1985) (providing that the district court must hold a hearing when the State seeks to admit prior bad act evidence pursuant to NRS 48.045(2)).

not mandate reversal if the record is sufficient to determine that the evidence was admissible.). The district court also gave a limiting instruction that the evidence was only to be considered for the limited purpose of understanding the relationship between the parties. Thus, even assuming that the district court erred, the error was harmless. *See id.*

Third, Rodriguez contends that the district court abused its discretion by admitting two photographs because they were cumulative and had no other purpose than to inflame the jury. The district court considered the photographs offered by the State outside the presence of the jury and properly excluded the photographs it believed were inappropriate. We discern no abuse of discretion. *See Sipsas v. State*, 102 Nev. 119, 123, 716 P.2d 231, 234 (1986) ("Admissibility of photographs lies within the sound discretion of the district court and, absent an abuse of that discretion, the decision will not be overturned." (internal quotation marks omitted)).

Having considered Rodriguez's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                                         Pickering

cc:    Hon. Michael Villani, District Judge
       Sandra L. Stewart
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

3